UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROBERT ANTONIO ROSENBOURGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:11-CV-247 JVB |
| | ) | |
| LAPORTE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Robert Rosenbourgh, a prisoner confined at the LaPorte County Jail, filed a complaint under 42 U.S.C. § 1983 ("Section 1983") alleging that jail officials violated his federally protected rights by failing to protect him from being attacked and injured by other inmates. He names the jail as the sole defendant. The Court must screen the complaint in this case. *See* 28 U.S.C. § 1915A ("Section 1915A").

Section 1915A requires the Court to review a prisoner complaint against governmental entities or officials and dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when addressing a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all of the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations, alteration, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A plaintiff can also "plead[] himself out of court [if] it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (citation omitted). Courts must review a *pro se* plaintiff's complaint more liberally than they would one that a trained attorney drafted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

Section 1983 provides a cause of action to redress the violation of federally secured rights

by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under Section 1983, a plaintiff must allege facts constituting such a violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only defendant Rosenbourgh names in his complaint is the LaPorte County Jail. He may not, however, sue the jail as such, because it is not a person or even a policy-making unit of government subject to Section 1983. That statute can impose liability only on a "person." 42 U.S.C. § 1983. But a jail is a building,"not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F.Supp. 757, 758 (N.D. Ill. 1993).

The complaint mentions individual jail employees, whom Rosenbourgh may wish to name as defendants. Accordingly, the Court will afford him time within which to file an amended complaint that names proper defendants.

For the foregoing reasons, under 28 U.S.C. § 1915A, the Court DISMISSES the LaPorte County Jail, and AFFORDS the Plaintiff until October 20, 2011, to file an amended complaint naming a defendant that is subject to Section 1983. The Court DIRECTS the clerk to enclose a copy of this Court's form Section 1983 complaint with this cause number printed on it, summonses, and USM-285 forms with the copy of this order sent to the Plaintiff. The Court CAUTIONS the Plaintiff that if he does not file an amended complaint, this case will be dismissed without prejudice, and without further notice.

SO ORDERED on September 12, 2011.

  s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT COURT  
HAMMOND DIVISION